United States of America v. Johnny Coleson

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of October, two thousand eleven,

Present:     JOSEPH M. McLAUGHLIN,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                      *Circuit Judges*.

───────────────────────────────────────────────

UNITED STATES OF AMERICA,

                              *Appellee*,

             -v-                                        10-0496-cr

JOHNNY COLESON,

                      *Defendant-Appellant*.

───────────────────────────────────────────────

Appearing for Appellant:     Lawrence Gerzog, New York, N.Y.

Appearing for Appellee:      Amanda Kramer, Assistant United States Attorney for the
                             Southern District of New York (Preet Bharara, United States
                             Attorney for the Southern District of New York, Katherine Polk
                             Failla, Assistant United States Attorney for the Southern District of
                             New York, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York
(Holwell, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Johnny Coleson appeals from the judgment of conviction of the United States District Court for the Southern District of New York (Holwell, *J.*) entered December 18, 2009, sentencing him principally to 83 months' imprisonment, followed by three years' supervised release. The issue raised by this appeal is whether the sentence was procedurally reasonable. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The government contends that the terms of Coleson's plea agreement bar him from challenging his sentence on appeal. On March 9, 2011, the government moved to dismiss Coleson's appeal on the ground that his plea agreement contained a valid appeal waiver, or, in the alternative, for summary affirmance. We denied the motion and refused to enforce the appeal waiver. This is the law of the case. "As a general matter, this Court will adhere to its own decision at an earlier stage of the litigation." *United States v. Plugh*, 648 F.3d 118, 123 (2d Cir. 2011) (internal quotation omitted). We will not revisit the issue.

However, we also find no merit to Coleson's argument that his sentence is procedurally unreasonable because the district court failed to adequately set forth the basis for its sentence. Specifically, Coleson argues the district court failed to take into account cooperation he provided to the government. His argument is belied by the record. At sentencing, the district court stated:

> Given the defendant's long criminal history, I would have selected
> the top of the range as recommended by the probation officer.
> However, I've selected the bottom of the range to reflect
> defendant's good-faith efforts to cooperate with the government.

This statement fulfills the district court's duty to provide a "brief statement of the reasons" for the sentence imposed. *United States v. Cavera*, 550 F.3d 180, 192 (2d Cir. 2008).

We have examined the remainder of Coleson's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2